CRUZ BALZAC DE RIVERA, Appellant, *v*. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 997. Submitted June 4, 1937.—Decided June 17, 1937.

*E. López Acosta* for appellant. The registrar appeared by brief.

734

Mr. Justice Wolf delivered the opinion of the court.

Cruz Balzac de Rivera purchased a piece of land from the Municipality of San Germán for the sum of $1,188.00. Payments were apparently made over a period of years that began in the early part of 1934 and terminated in December, 1936. On April 30th, 1937, a deed was executed by the Mayor of San Germán, in pursuance of a special authority granted to him under an ordinance, transferring title to the land in question to Cruz Balzac de Rivera. The property was described as follows:

"*Rural:* Lot situated in the ward of Maresúa, Municipality of San Germán, Puerto Rico, occupied by the cemetery of this city; having an area of two ares, ninety-seven centiares; bounded on the north and west by property belonging to the estate of Amparo Garcés; and on the east and south, by lots belonging to the Municipality of San Germán."

Such parcel was evidently segregated from a larger piece of land which had been originally acquired by the town of San Germán and dedicated in its totality to a municipal cemetery. The deed also recites that there are 99 graves (*fosas*) on the property attempted to be sold, that the purchaser claims as her own, inasmuch as she built them.

The record of the deed was refused by the registrar on several grounds, some of which we deem need not be discussed because we have a doubt as to their application and others because we do not think them properly cognizable by a registrar of property. There is one fundamental reason, however, which we think sufficient to support the note. That has reference to the public nature of a municipal cemetery and as such not subject to absolute alienation to a private individual. Sections 273 and 274 of the Civil Code (1930 ed.) read:

"Section 273.—Things, in their relation to those who possess or enjoy them, are divided into two classes: things susceptible of ownership and those not susceptible of ownership.

"Section 274.—Among the things, which are not susceptible of

ownership are comprised those which cannot become private property by reason of the object for which they are intended, such as things is common, or those the use and enjoyment of which belong to all men.

"There are other things, on the contrary, which, although by their nature are susceptible of private ownership, lose this quality as a consequence of their being applied for public purposes inconsistent with private ownership, but which may acquire their former condition so soon as they cease to be applied to that purpose; such are the lands used for highroads, streets and public squares."

In the case before us the land attempted to be sold had been admittedly dedicated to a municipal cemetery. Both from the deed and from the ordinances before the registrar, he could reasonably conclude that the property had been dedicated to a public use by the town of San Germán. The second paragraph of section 274, supra, is therefore applicable. There is no evidence of an abandonment of that public use by the municipality.

■ Under the titlehead *"cementerio"* (cemetery) in volume 5, p. 467 of the *Enciclopedia Jurídica Española* (1910 ed.) we find:

"Legal privileges of Cemeteries.

"  *        *         *         *         *         *         *

"Now, as to those that are public, it is the same whether they be catholic, civil or neutral, for there is not room for distinction under the civil or administrative law.

"Cemetery property is special in its nature and is governed by different administrative rules in almost every country and even in each locality, it being practically impossible to express a general rule about something which is entirely fortuitous and circumstancial.

"Nevertheless, there is perfect agreement in considering cemeteries as dependencies of the public domain, and therefore beyond the commerce of man, and consequently inalienable and not subject to prescription: thus one can understand . . . . "

■ The proposition that land once legally devoted to, and used for, burial purposes by a municipality becomes appropriated to a public purpose in such sense that the freedom of alienation becomes restricted is not only supported

by our civil code, but there is jurisprudence in the United States to a similar effect. See *La Societa Italiana di Mutua: Beneficienza* v. *San Francisco,* 131 Cal. 169, 63 P. 174, 53 L.R.A. 382. We are not considering the possibility of the municipality, by due steps, turning over a public or abandoned cemetery to private purposes. Sometimes this is done by the exhumation and transfer of the persons buried.

For the reasons expressed above we are of the opinion that the note of the registrar should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.